930 F.2d 38
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Richard T. GOULD, Petitioner,
v.
NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, Respondent.
 No. 90-3472.
 United States Court of Appeals, Federal Circuit.
 March 11, 1991.
 
 Before MAYER, MICHEL and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Richard T. Gould appeals the March 21, 1990 initial decision of the administrative judge (AJ), sustaining his removal for insubordination. After review was denied on July 20, 1990, it became the final decision of the Merit Systems Protection Board, Docket No. DC07529010181. Because the record reflects that the AJ's decision as to both the charges and the penalty was supported by substantial evidence, and because the refusal of the full Board to admit alleged new evidence was not an abuse of its discretion under 5 C.F.R. Sec. 1201.115, we affirm.
 
 OPINION
 
 2
 On review by this court, a final decision of the Board must be affirmed unless it is found to be arbitrary and capricious, obtained without procedures required by law, contrary to law, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). Here, the Board dismissed Mr. Gould's petition for review of the AJ's decision upholding the agency action on the ground that it did not establish that he had new evidence. In the initial decision, the AJ sustained each of the three separate instances of insubordination with which Mr. Gould was charged and found that Mr. Gould's "belated compliance with his supervisor's instructions [did not] negat[e] the prior insubordination." Slip op. at 4 (Mar. 21, 1990). She also found that Mr. Gould's "failure to follow supervisory instructions was disruptive to the efficiency of the [agency's] service," id. at 5, and that after considering all the relevant factors as required by applicable case law, the removal was appropriate in this case because Mr. Gould's "[r]efusal to adhere to a supervisor's instructions constitutes serious, aggravated misconduct which cannot be condoned." Id. at 11. See Douglas v. Veterans Administration, 5 M.S.P.R. 280, 302 (1981).
 
 
 3
 Finally, the AJ treated Mr. Gould's assertions of reprisal as a whistleblowing claim under 5 U.S.C. Sec. 2302(b)(8) and found that Mr. Gould did not bear the burden of proof that any reprisal was a contributing factor in the agency's decision. This finding was based on affidavits from Mr. Gould's superiors that Mr. Gould's November 10, 1989 letter in the Washington Times criticizing Archives' relocation plans had no bearing on their decision to remove Mr. Gould. Nor did the AJ find that letters from Mr. Gould's wife to various agency personnel and a Freedom of Information Act request, all written under her maiden name, were a factor.
 
 
 4
 Although Mr. Gould seems sincere in his opposition to Archives' planned relocation, his convictions do not excuse his repeated refusals to complete assignments after reasonable requests from his supervisors. Given our limited powers of review, we cannot conclude that the AJ's determinations were arbitrary and capricious, not obtained though proper legal procedures, contrary to law, or that they are not supported by substantial evidence.
 
 
 5
 Before the Board, Mr. Gould attempted to introduce new evidence substantiating his claim of reprisal. The Board refused to entertain the evidence under 5 C.F.R. Sec. 1201.115(b)(4)(c)(1) (1990), which states that new evidence submitted before the Board must have been unavailable, despite due diligence, when the record was closed before the AJ. On review of the disputed documents, we find no error in the Board's determination that they do not constitute both new and material evidence that could not have been submitted to the administrative law judge.[1]
 
 
 6
 As a result, we must affirm.
 
 
 
 [1]
 We do question, however, the government's characterization of these documents. According to its brief, the government contends that "in fact both of the documents at issue was [sic] considered during the initial decision." Gov't. Br. at 16. However, one of the documents was a letter to the Board by Mr. Gould that clearly was written after the initial decision. In any event, the government's characterization has not affected our review